The Chancellor.
The leading facts on which the- equity of the bill rests, are, that on the 1st of January, 1839, a settlement of the business up to that‘time, was-made between the complainant and Stevens, by which Stevens was found to be. indebted to the partnership in 1541 dollars, and the complainant to be indebted to the partnership in 213 dollars and 28' cents, a particular statement of which- settlement was left with? *123 Stevens, and a note of which was made in the books of the partnership, and signed by the complainant and Stevens; that the said books are in the possession of the defendant; that the business was continued after that settlement, till the death of Stevens, which occurred at St. Augustine, Florida, whither he had gone for his health, in November, 1839. That on the 8th of October, 1839, shortly before he left this state for St. Augustine, Stevens assigned and delivered to the complainant a bond and mortgage given by one Bod well to him, on which 64.0 dollars was due, which it was then understood and agreed should be collected or disposed of by the complainant, to pay the debts and carry on tire business of the partnership; and particularly, that a debt of 500 dollars, clue from the partnership to Bodwcll, should be settled; that the complainant settled with Bodwell the said debt, with the bond and mortgage, and received from him the balance. That after the death of Stevens, the complainant paid all the debts of the partnership; and that on a settlement of the partnership accounts, after .crediting Stevens with the amount of the bond and mortgage, there would be due Stevens about 21 dollars, without allowing the complainant any thing for his expenses and pains in settling the partnership business. That Stevens, at the time of his death, was indebted to the complainant, on a promissory note given by him to the complainant, dated May 14th, 1835, payable in ten months, for 500 dollars, which, with the interest thereon, is still due and unpaid.
The bill prays an account of the partnership affairs, and an injunction against further proceedings in a suit brought by the defendant, as administrator, &c. .of Stevens, against the complainant, to recover the amount which was due on the said bond and mortgage when the same was so assigned to the complainant.
The indebtedness of Stevens to the partnership in January, .1839, is admitted. How', and for what purpose,-was the Bod-well bond and mortgage assigned to .the complainant ? Was the assignment general and absolute, or was it special? From the language of the bill, I should understand that the assignment was in the usual form, absolute; and that there was an understanding or agreement, not appearing in the written assign *124 ment, that the bond and mortgage should be collected or disposed of for the purposes of the partnership, as stated in the hill. The defendant, having no personal knowledge of the transaction, denies that they were to be so applied; and insists that they were to be applied to Stevens’s individual use and benefit; and says,, that j.ie has in his possession the complainant’s receipt for the same; but he does not set out the terms or the contents of the receipt.
Th,e tejms of this receipt .might have aided much in the decision of the question now before the court. If it would show that the complainant agreed to account with Stevens, individually, for the proceeds of the bond and mortgage, more should have been said in the answer .about it, than simply, that Stevens took the complainant’s receipt for the bond and mortgage. If the assignment of the bond and mortgage was general and absolute, the receipt must have been taken for some purpose, and that purpose, it is presumed, would be stated in it; and if the administrator founds his denial of the charge, that the bond and mortgage .were to be applied as stated in the bill, on information acquired from the receipt, he should have apprised the court of the terms of the receipt. The mere denial of an administrator having no personal knowledge of a transaction between his intestate and a complainant, is not sufficient to dissolve an injunction.
The bill states, that at the .time of the assignment of the bond and mortgage, Stevens was indebted to the partnership in a considerable sum, and more than the amount due on the bond and mortgage. The answer to this is a denial by the administrator that Stevens, when he left the state, was indebted to the partnership in a considerable sum; and a statement that he, the defendant, has heard and believes, that the complainant, since the granting of letters of administration to the defendant, and since the settlement stated in his answer to have been made between the complainant and defendant, admitted that there was no dispute about the bond and mortgage, and that he was \o pay the amount he received on the same to the defendant, as administrator of Stevens. This denial is insufficient, and is not qided by the hearsay set up in the answer.
To the charge in the bill, of the indebtedness of Stevens, and *125 the amount thereof, to the partnership, at the time of the assignment of the bond and mortgage, the defendant admits that the books of account are in his possession; and says-that from the entries in the said books up to the time of the death of Stevens, on a fair settlement of the accounts respecting said business, there is nothing due from Stevens on account thereof. What are we to understand by the fair settlement the defendant Jjere speaks of? The bill states, that the complainant and defendant are unable to agree on a settlement, the defendant insisting that the complainant is bound to pay him tile principal and interest of the bond and mortgage. The answer says, that the complainant and defendant did agree on a settlement. What was settled ? It appears to me, that the answer, examined in reference to the charges of the bill, is not sufficient to show that this matter of the bond and mortgage was ever settled between them. When the defendant, in his answer, says that he and the complainant agreed to settle all the accounts and transactions in relation to said business, he may mean all the accounts and transactions that he supposed belonged to said business. Did they settle all matters which the complainant claimed to belong to the partnership accounts? Did the complainant then admit that the bond and mortgage did not belong to the partnership business? If he did, it would not have been necessary for the defendant, in his answer, to resort to the statement, that since the settlement the complainant, had admitted that he was to pay to the defendant the amount of the bond and mortgage.
It is manifest, that whatever may have been said or done at any settlement or attempted settlement, the parties are still at variance as to how the bond and mortgage are to be accounted for; and we are brought back to the inquiry for the terms of the receipt which the defendant say's he has in his possession. Again, if there w-as a Ml settlement between these parties, the posture of their affairs, and particularly the character in which the defendant was acting, would lead us to expect some written evidence of it.
In view of the -whole case, I think it would not be a safe exercise of discretion to dissolve the injunction.
Motion denied.